**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JORGE LUIS AGUILAR,<br><br>*Plaintiff,*<br><br>v.<br><br>NEWCONTAINER 1667A SHIPPING INC., ORIENT OVERSEAS CONTAINER LINE LIMITED, and OOCL (USA) INC.,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:26-cv-8620<br>JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Jorge Luis Aguilar files this Original Complaint against Defendants Newcontainer 1667A Shipping Inc., Orient Overseas Container Line Limited, and OOCL (USA) Inc. and respectfully shows the Court as follows:

**I.**
**NATURE OF THE ACTION**

1. This is an action by a longshoreman for personal injuries caused by the negligence of a vessel, brought under Section 5(b) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), and the general maritime law of the United States. On February 18, 2026, while lashing containers aboard the M/V OOCL GENOA at the Barbours Cut Container Terminal in the Port of Houston, Plaintiff fell eight to ten feet when a catwalk that forms part of the ship's permanent structure collapsed beneath him. Plaintiff sues the vessel's owner, her operator, and her operator's general agent in Texas.

## II.
## PARTIES

2. Plaintiff Jorge Luis Aguilar is an individual and a citizen of the State of Texas, where he is domiciled. At all relevant times he was employed as a longshoreman by Cooper/Ports America, LLC ("Cooper"), a stevedoring contractor, and was engaged in longshoring operations aboard the M/V OOCL GENOA (IMO No. 9613587) container ship documented under the flag of Hong Kong, China (the "Vessel"). He is an "employee" within the meaning of 33 U.S.C. § 902(3) and a person covered by the Longshore and Harbor Workers' Compensation Act (the "Act"). Cooper is not a party to this action.

3. Defendant Newcontainer 1667A Shipping Inc. ("Newcontainer") is a corporation organized under the laws of the Republic of the Marshall Islands and, on information and belief, has its principal place of business in Hong Kong, in care of Orient Overseas Container Line Limited, 31st Floor, Harbour Centre, 25 Harbour Road, Wan Chai, Hong Kong. Newcontainer is an indirect wholly owned subsidiary of Orient Overseas (International) Limited and at all relevant times was the registered owner of the M/V OOCL GENOA. Newcontainer is a citizen or subject of a foreign state within the meaning of 28 U.S.C. § 1332(a)(3) and (c)(1) and is not a citizen of the State of Texas. Newcontainer may be served with process under Federal Rules of Civil Procedure 4(h)(2) and 4(f) through the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, done at The Hague, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention"), by transmitting the summons and this Complaint to the Central Authority for the Hong Kong Special Administrative Region, the Chief Secretary for Administration, Hong Kong SAR Government, Room 321, 3/F, East Wing, Central Government Offices, 2 Tim Mei Avenue, Admiralty, Hong Kong, China, for service on Newcontainer at the address above; by mail addressed and sent by the Clerk and requiring a signed

receipt under Rule 4(f)(2)(C)(ii), or by such other means as the Court may direct under Rule 4(f)(3).

4. Defendant Orient Overseas Container Line Limited ("OOCL") is a company incorporated under the laws of the Hong Kong Special Administrative Region of the People's Republic of China with its principal place of business at 31st Floor, Harbour Centre, 25 Harbour Road, Wan Chai, Hong Kong. At all relevant times OOCL was the operator, manager, and commercial manager of the M/V OOCL GENOA; was the company responsible for her safe management under the International Safety Management Code and held the Document of Compliance under which her Safety Management Certificate was issued; employed or controlled her master, officers, and crew; and, on information and belief, was her owner *pro hac vice* or charterer. OOCL is a citizen or subject of a foreign state within the meaning of 28 U.S.C. § 1332(a)(3) and (c)(1) and is not a citizen of the State of Texas. OOCL may be served with process in the same manner as Newcontainer: through the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, done at The Hague, November 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Service Convention"), by transmitting the summons and this Complaint to the Central Authority for the Hong Kong Special Administrative Region, the Chief Secretary for Administration, Hong Kong SAR Government, Room 321, 3/F, East Wing, Central Government Offices, 2 Tim Mei Avenue, Admiralty, Hong Kong, China, by mail addressed and sent by the Clerk and requiring a signed receipt under Rule 4(f)(2)(C)(ii), or as the Court may direct under Rule 4(f)(3).

5. Defendant OOCL (USA) Inc. ("OOCL USA") is a corporation organized under the laws of the State of New York and, on information and belief, has its principal place of business at 10913 South River Front Parkway, Suite 200, South Jordan, Utah 84095. OOCL USA has been

registered with the Texas Secretary of State to transact business in Texas since 1980 (File No. 4912906). On information and belief, OOCL USA acted as the agent of the M/V OOCL GENOA and of OOCL for the Vessel's call at the Port of Houston on February 18, 2026. OOCL USA is a citizen of the States of New York and Utah within the meaning of 28 U.S.C. § 1332(c)(1) and is not a citizen of the State of Texas. OOCL USA may be served with process under Federal Rule of Civil Procedure 4(h)(1) through its registered agent for service of process in Texas, United States Corporation, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

6. Newcontainer, OOCL, and OOCL USA (together, "Defendants") are each a "vessel" within the meaning of 33 U.S.C. § 902(21), which defines the term to include the vessel's owner, owner *pro hac vice*, agent, operator, charterer or bareboat charterer, master, officer, and crew member. The acts and omissions of the master, officers, and crew of the M/V OOCL GENOA alleged in this Complaint are the acts and omissions of Defendants, and Defendants are liable for them.

## III.
## JURISDICTION AND VENUE

7. This Court has original subject-matter jurisdiction over Plaintiff's claims against Defendants solely under 28 U.S.C. § 1332(a)(3). Plaintiff is a citizen of the State of Texas. OOCL USA is a citizen of the States of New York and Utah, Newcontainer and OOCL are citizens or subjects of a foreign state and are additional parties. No Defendant is a citizen of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff brings his claims against Defendants at law, as the saving-to-suitors clause of 28 U.S.C. § 1333(1) permits, and does not designate those claims as admiralty or maritime claims under Federal Rule of Civil Procedure 9(h).

8. The substantive law governing every claim in this action is 33 U.S.C. § 905(b) and the general maritime law of the United States.

9. This Court has personal jurisdiction over Defendants. OOCL purposefully directed the M/V OOCL GENOA to the Port of Houston as a scheduled port of call on a liner service that calls at Houston on every rotation, and maintains a general agent for its business in Texas, OOCL USA, in Houston. Newcontainer, on information and belief, committed the Vessel to that service knowing that it calls at Houston on every rotation and earns its return from those calls. Newcontainer and OOCL, through the Vessel's master, officers, and crew, brought the Vessel and the defective catwalk into Texas and turned the Vessel over to a Texas stevedore for cargo operations here, and Plaintiff's claims arise from that conduct in Texas. OOCL USA maintains an office in Houston, has been registered to transact business in Texas since 1980, and, on information and belief, acted as the Vessel's agent for the call at Barbours Cut during which Plaintiff was injured; Plaintiff's claims against OOCL USA arise from that conduct in Texas.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred at the Barbours Cut Container Terminal in Harris County, Texas, and under 28 U.S.C. § 1391(c)(3) because neither Newcontainer nor OOCL is resident in the United States and each may be sued in any judicial district. The Houston Division is the proper division because Harris County lies within it. 28 U.S.C. § 124(b)(2).

## IV.
## FACTS

11. The M/V OOCL GENOA is an 8,888-TEU container ship. Newcontainer owns her. OOCL operates and manages her, employs her crew, and deploys her on a liner service between Asia and the United States Gulf Coast that calls at the Port of Houston on a regular rotation. OOCL

USA is OOCL's general agent in Texas and, on information and belief, acts as the Vessel's agent when she calls at Houston.

12. On February 18, 2026, the Vessel was berthed at Berth C-1 of the Barbours Cut Container Terminal in La Porte, Harris County, Texas, on the navigable waters of the Houston Ship Channel, to discharge and load containers. Cooper, as an independent contractor, performed the cargo operations. Plaintiff was assigned to the Vessel's gang as a lasher, responsible for securing and unsecuring the containers stowed on deck.

13. Lashers on a container ship work from the catwalks—the elevated walkways and platforms built into the ship between the container bays, from which lashers reach the lashing rods, turnbuckles, and twistlocks that secure the container stacks. The catwalks are a permanent part of the Vessel's structure. They are part of the ship, not cargo and not stevedore's gear. The Vessel's crew alone maintains them and has continuous access to them at sea.

14. Defendants turned the Vessel's deck and catwalks over to Cooper for cargo operations. During the operation, while Plaintiff was standing on one of the catwalks performing his lashing work, the catwalk collapsed beneath him. Plaintiff fell eight to ten feet and landed on his back on the structure below.

15. The catwalk was in the condition that caused it to collapse when Defendants turned the Vessel over to Cooper on February 18, 2026, while the Vessel was under the exclusive control of Defendants and their crew.

16. Defendants knew, or in the exercise of reasonable care would have known, that the catwalk was unsafe before the Vessel arrived in Houston. A reasonable inspection of the catwalk and its supports, of the kind that ordinary care required of the crew, would have revealed the condition.

17. The condition that caused the failure was not apparent from the walking surface where lashers work. Nothing visible from the walkway indicated that the catwalk would not bear a lasher's weight. Plaintiff did not know the catwalk was unsafe. Neither he nor a reasonably competent stevedore performing lashing work would have discovered, or anticipated, that a permanent walkway on the ship would give way under a single lasher's weight.

18. Defendants gave no warning to Cooper or to Plaintiff that the catwalk was unsafe. They did not mark it, barricade it, or take it out of service, and they provided no other means of reaching the lashing positions Plaintiff was assigned to work.

19. As a result of the fall, Plaintiff suffered severe and lasting injuries.

**20.** Cooper and its compensation carrier have paid compensation and medical benefits to or for Plaintiff under the Act on account of these injuries. Plaintiff brings this action against Defendants as third parties under 33 U.S.C. §§ 905(b) and 933.

## V.
## CAUSES OF ACTION

### A. Negligence of the Vessel Under 33 U.S.C. § 905(b)

21. Plaintiff incorporates the foregoing factual allegations.

22. Under 33 U.S.C. § 905(b), a person covered by the Act who is injured by the negligence of a vessel may bring an action against the vessel as a third party. Newcontainer, as owner, OOCL, as operator, manager, and owner *pro hac vice* or charterer, and OOCL USA, as agent, are each the "vessel" for purposes of § 905(b) and are liable for the negligence of the vessel, including that of her master, officers, and crew.

23. Defendants owed Plaintiff a duty to exercise ordinary care under the circumstances to turn the Vessel and her equipment over to the stevedore in such condition that an expert and experienced stevedore, exercising reasonable care, could carry on cargo operations with reasonable

safety to persons and property, and a duty to warn the stevedore of hazards on the ship or her equipment that were known to the vessel or should have been known to it in the exercise of reasonable care, that would likely be encountered by the stevedore in the course of cargo operations, and that were not known to the stevedore and would not be obvious to or anticipated by it if reasonably competent in the performance of its work.

24. Defendants breached those duties, and were negligent, in that they:

- turned the Vessel over for cargo operations with a catwalk in the lashing area that could not safely bear the weight of a single longshoreman;
- failed to inspect, maintain, and repair the catwalk and its supporting structure while the Vessel was in their exclusive control at sea and before turning her over to the stevedore;
- failed to discover the unsafe condition of the catwalk through the inspections that ordinary care and the Vessel's own safety management system required;
- failed to warn the stevedore or Plaintiff of the unsafe condition of the catwalk, a hazard Defendants knew of or should have known of, and one that was neither known to nor reasonably discoverable by the stevedore or Plaintiff;
- failed to mark or barricade the catwalk, take it out of service, or provide a safe alternative means of reaching the lashing positions;
- failed to remedy the dangerous condition before turning the Vessel over to the stevedore; and
- other acts so deemed negligent and/or grossly negligent.

25. In the alternative, the catwalk and the lashing structures of which it forms part remained under the active control of the vessel during cargo operations: the Vessel's crew alone

maintained them, retained access to them, and remained responsible for their condition throughout the operation. To that extent, Defendants breached their duty to exercise reasonable care to prevent injury to longshoremen from hazards in areas and equipment under the vessel's active control.

26. Each of these acts and omissions was a proximate cause of Plaintiff's fall and of the injuries and damages described in this Complaint.

27. Defendants' conduct was grossly negligent. Leaving a permanent walkway that longshoremen must use at every port in a condition that would not bear a single worker's weight, on a ship Defendants operate on a scheduled liner service and turn over to stevedores at each call, shows a reckless and callous disregard for the safety of the longshoremen who work aboard her. Defendants' crew either did not inspect the catwalks or inspected them and left them in service without repair, marking, or warning. Plaintiff seeks punitive damages under the general maritime law.

## VI.
## DAMAGES

28. As a result of this occurrence, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life. In all reasonable probability, Plaintiff's physical pain, mental anguish, physical impairment, disfigurement, and loss of enjoyment of life will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff has been damaged in a sum well in excess of $75,000, exclusive of interest and costs, for which he now sues.

## VII.
## JURY DEMAND

29. Plaintiff demands a trial by jury on all claims under Federal Rule of Civil Procedure 38(b).

## VIII.
## PRAYER

30. For these reasons, Plaintiff respectfully requests that Defendants Newcontainer 1667A Shipping Inc., Orient Overseas Container Line Limited, and OOCL (USA) Inc. be summoned to appear and answer, and that on final trial Plaintiff have judgment against Defendants, jointly and severally, for:

- Past and future physical pain and suffering and mental anguish;
- Past and future physical impairment;
- Past and future disfigurement;
- Past and future loss of enjoyment of life;
- Past and future medical expenses;
- Past and future lost earnings and loss of earning capacity;
- Punitive damages as allowed by law;
- Pre-judgment and post-judgment interest as allowed by law;
- Costs of court; and
- Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ Kyle W. Chapel*

MICHAEL E. PIERCE
State Bar No. 24039117
KYLE W. CHAPEL
State Bar No. 24116188
24 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
Email: michael@pstriallaw.com
kyle@pstriallaw.com
service@pstriallaw.com
**ATTORNEYS FOR PLAINTIFF**